IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA
BILLINGS DIVISION

| RONALD O. LATRAY, | Cause No. CV 15-137-BLG-SPW-CSO |
|---|---|
| Petitioner, | |
| vs. | ORDER and FINDINGS AND RECOMMENDATION OF U.S. MAGISTRATE JUDGE |
| SHERIFF LINDER; ATTORNEY GENERAL OF THE STATE OF MONTANA, | |
| Respondents. | |

This case comes before the Court on Petitioner Ronald Latray's application for writ of habeas corpus under 28 U.S.C. § 2254. Latray is a state prisoner proceeding pro se.

After reviewing the motion and supporting account statement, I find that Latray has sufficiently shown he cannot afford to pay all costs that may be associated with this action. The motion to proceed in forma pauperis will be granted.

Latray is currently detained at the Yellowstone County Detention Center on pending criminal charges. He states that he has not presented any of his claims to the Montana Supreme Court. *See, e.g.*, Pet. (Doc. 1) at 2 ¶ 2, 3-4 ¶¶ 6-10.

A federal habeas court does not offer an alternative to proceedings in state court. Before he may proceed here, Latray must present all of his federal

1

constitutional claims for relief in the courts of the State of Montana. He must use the State's normal channels for original and appellate review, including any postconviction proceedings that may be appropriate. *See Rose v. Lundy*, 455 U.S. 509, 520 (1981) (providing "a simple and clear instruction to potential litigants: before you bring any claims to federal court, be sure that you first have taken each one to state court.").

Latray's federal petition should be dismissed without prejudice. He may file a federal habeas petition after he has properly exhausted his available state remedies. *Slack v. McDaniel*, 529 U.S. 473, 485-86 (2000).

A certificate of appealability, 28 U.S.C. § 2253(c)(2), is not appropriate. Reasonable jurists would not find any exhausted claim. There is no reason to encourage further proceedings in this Court at this time. *Gonzalez v. Thaler*, __ U.S. __, 132 S. Ct. 641, 648 (2012) (quoting *Slack*, 529 U.S. at 484).

Based on the foregoing, the Court enters the following:

**ORDER**

Latray's motion to proceed in forma pauperis (Doc. 2) is GRANTED. The Clerk of Court shall waive payment of the filing fee.

The Court also enters the following:

**RECOMMENDATION**

1. The Petition (Doc. 1) should be DISMISSED WITHOUT PREJUDICE

for failure to exhaust state remedies.

2. The Clerk of Court should be directed to enter by separate document a judgment of dismissal.

3. A certificate of appealability should be DENIED.

**NOTICE OF RIGHT TO OBJECT
TO FINDINGS & RECOMMENDATION
AND CONSEQUENCES OF FAILURE TO OBJECT**

Latray may object to this Findings and Recommendation within 14 days.[1] 28 U.S.C. § 636(b)(1). Failure to timely file written objections may bar a de novo determination by the district judge and/or waive the right to appeal.

<u>Latray must immediately notify the Court of any change in his mailing address</u> by filing a "Notice of Change of Address." Failure to do so may result in dismissal of this case without notice to him.

DATED this 23rd day of December.

/s/ Carolyn S. Ostby
United States Magistrate Judge

---

[1] As this deadline allows a party to act within 14 days after the Findings and Recommendation is "served," Fed. R. Civ. P. 6(d) applies, and three days are added after the time would otherwise expire.